**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**WALTER E. WEYRAUCH,**

Plaintiff,

v.

**CIGNA LIFE INSURANCE COMPANY OF NEW YORK,**

Defendant.

Civil No. 01-1134 (MJD/JGL)

**AMENDED[1] REPORT AND RECOMMENDATION**

---

APPEARANCES

James W. Balmer, Esq., on behalf of Plaintiff
Brian L. Lindberg, Esq., and Daniel K. Ryan, Esq., on behalf of Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on February 10, 2004 on Defendant's Motion for Summary Judgment (Doc. No. 25) and Plaintiff's Motion for Summary Judgment (Doc. No. 27). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

Defendant CIGNA Life Insurance Company of New York ("CIGNA") moves for summary judgment pursuant to Federal Rule of Civil Procedure 56

---

[1] This Report and Recommendation is amended only to correct the docket numbers on page 11.

3 2004
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

on the grounds that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Plaintiff Walter E. Weyrauch also moves for summary judgment on the same grounds.

Mr. Weyrauch brings this action pursuant to the Employee Retirement Income Security Act ("ERISA"). Mr. Weyrauch suffered a stroke on October 26, 1996. At the time, he was working as an investment broker for Salomon Smith Barney, which sponsored a long term disability ("LTD") plan for its employees. Mr. Weyrauch applied for LTD benefits on July 14, 2000. CIGNA denied the claim on the grounds it was untimely. According to CIGNA, the claim violated three separate filing provisions of the LTD policy: a thirty-day period in which to file notice of the claim, a ninety-day period in which to file a proof of loss, and a three-year period in which to bring suit. CIGNA now asks the Court to uphold the denial of LTD benefits on the basis that Mr. Weyrauch failed to comply with the terms and conditions of the LTD policy. Mr. Weyrauch requests the Court to find him entitled to ongoing disability benefits for total disability pursuant to the policy.

## II. STANDARD OF REVIEW OF THE FACTUAL RECORD

Because Mr. Weyrauch brings his claim pursuant to ERISA, the Court must first determine whether to undertake a deferential or de novo review of the factual record. Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993). The determination depends on the language of the policy. A deferential standard of review is appropriate if "the benefit plan gives the

administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). Here, Mr. Weyrauch contends the Court should conduct a de novo review because the policy does not contain a provision giving CIGNA discretionary authority. CIGNA has not argued the contrary or otherwise disputed Mr. Weyrauch's contention, and therefore, the Court will review de novo the factual record. Mr. Weyrauch has submitted two exhibits for the Court's consideration, in addition to the administrative record provided by CIGNA.

**III. THE FACTUAL RECORD BEFORE THE CLAIM ADMINISTRATOR**

Mr. Weyrauch began working for Salomon Smith Barney on August 9, 1996, and he became eligible for LTD benefits under the qualified group employee benefits plan on that date. CIGNA issued the policy and provided claims administration services for the plan. The policy contains the following three time limitations with respect to filing a written notice of claim, written proof of loss, and a legal action:

> Written notice of claim must be given to the Insurance Company within 30 days after the occurrence or start of the loss on which a claim is based. If notice is not given in that time, the claim will not be invalidated or reduced if it is shown that written notice was given as soon as was reasonably possible.
> . . .
> Written proof of loss must be given to the Insurance Company within 90 days after the date of the loss for which a claim is made. If written proof of loss is not

> given in that time, the claim will not be invalidated nor [sic] reduced if it is shown that written proof of loss was given as soon as was reasonably possible.
> . . .
> No action at law or in equity will be brought to recover on the policy until at least 60 days after proof of loss has been filed with the Insurance Company. No action will be brought at all unless brought within 3 years . . . after the time within which proof of loss is required by the policy.

(R. at 47.) The policy defines total disability as follows: "An employee will be considered Totally Disabled if because of Injury or Sickness, he is unable to perform all the essential duties of his occupation." (R. at 21.)

On October 26, 1996, Mr. Weyrauch suffered a stroke and was admitted to the emergency room. (R. at 181.) He was discharged from the hospital on November 4, 1996, to a rehabilitation unit. On January 7, 1997, about two months after Mr. Weyrauch's discharge from rehabilitation, his doctor noted that he was experiencing mild weakness on his left side, some memory cognitive problems, slight language impairment, and moderate impairment with speed of processing and response and reaction time. (R. at 172.) The doctor further noted that Mr. Weyrauch would likely have some mild residual cognitive difficulties, but with time, should be able to compensate for that. (R. at 173.) Mr. Weyrauch reported that he was working six hours a day, and he felt that things were going well at work. (Id.) Mr. Weyrauch stated that he would like to return to work full-time but was limited by his stamina and fatigue. (Id.)

On April 23, 1997, Mr. Weyrauch told his doctor that "things have continued to improve" and he had "no specific complaints." (R. at 170.) He also told his doctor that he passed his driver's evaluation test without problems. (Id.) The doctor noted that Mr. Weyrauch's "cognitive impairments have improved to the point where they are minimal at this time and are satisfactory for his work performance and coping as a stock broker." (Id.) Mr. Weyrauch stated he had no problems with his accounts and worked eight to nine hours a day, sometimes twelve hours a day. (Id.) He did report some slurring of speech and mild weakness in his hand and left leg, but he was able to maintain a "fairly rigid" exercise program. (Id.)

On March 13, 1999, Mr. Weyrauch underwent a neuropsychological evaluation, after which a psychologist determined that his cognitive abilities were impaired to a mild degree. (R. at 182.) The psychologist found that Mr. Weyrauch suffered from a "permanent partial disability," and although he was capable of performing competitive employment, he probably could not perform executive-type skills at a professional level. (R. at 184.)

Mr. Weyrauch continued to work as a stock broker at Salomon Smith Barney from 1997 until July 8, 1999, when his employment was terminated for unknown reasons. Mr. Weyrauch's W-2 Wage and Tax Statement for 1997 shows that he earned $56,562.12 that year. (R. at 91). He earned $82,911.47 in 1998. (R. at 92.)

On July 7, 2000, CIGNA first received notice that Mr. Weyrauch was applying for LTD benefits. (R. at 162.) The letter from Mr. Weyrauch's counsel stated that "he suffered an onset of total disability that began with a stroke." (Id.) Counsel concluded, "I believe he is eligible for benefits for the time period beginning October 26, 1996 down to the present." (R. at 163.) After several rounds of correspondence, CIGNA notified Mr. Weyrauch's attorney on September 19, 2000 that it was denying his claim on the grounds it was untimely. (R. at 75-82.) Mr. Weyrauch requested review of the decision, which was upheld by CIGNA's Appeals Team. (R. at 57-60.) Mr. Weyrauch filed this case on June 25, 2001.

## IV. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, both parties have moved for summary judgment and apparently agree that no genuine issue of material fact exists. A moving party is entitled to summary judgment when the other party fails to establish the existence of an essential element of a claim on which that party has the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). No genuine issue of material fact exists absent such foundation because "a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## V. ANALYSIS OF THE CLAIM ADMINISTRATOR'S DECISION

The Court finds that Mr. Weyrauch failed to comply with the terms and conditions of the policy, and therefore, CIGNA did not wrongfully deny his claim for LTD benefits. Mr. Weyrauch violated three different limitations periods, any one of which would have been a sufficient basis to deny his claim.

### A. The Thirty-Day Period in Which to File Notice of the Claim

Mr. Weyrauch was required to file notice of his claim within thirty days of the occurrence of the loss on which his claim was based. Mr. Weyrauch suffered a stroke on October 26, 1996, but he did not file notice of his claim until July 7, 2000, more than three and a half years after the stroke.[2] Mr. Weyrauch argues that his physical condition prevented him from filing a claim within the thirty days after the loss, relying on language in the policy which extends the time period if the claimant shows that he gave notice as soon as was reasonably possible.

---

[2] Mr. Weyrauch suggests for the first time in his reply memorandum that he did not become totally disabled until March 1999. (Pl.'s Reply Mem. at 1.) This contention is not supported by the administrative record, the medical records, and indeed, the actual claim form and his counsel's own communications to CIGNA. (R. at 58, 94, 102, 141, 162-63, 187.) Thus, October 26, 1996 is the onset of disability date and the date from which to measure the applicable limitations periods.

The Court finds this assertion unsupported by the administrative record. The documents before the claims administrator show that as of April 23, 1997, Mr. Weyrauch had no specific complaints for his doctor. He passed his driver's evaluation test without problems. His cognitive impairments were minimal and sufficient to work as a stock broker. Mr. Weyrauch reported having no problems with his accounts and working eight to nine hours a day, sometimes twelve hours a day. Considering Mr. Weyrauch's minimal physical and mental limitations at this time, the Court finds it was reasonably possible for Mr. Weyrauch to have filed his claim for benefits on April 23, 1997, at the latest. Extending this date thirty days, Mr. Weyrauch should have filed notice of his claim by May 23, 1997. Because Mr. Weyrauch breached the notice provision of the policy, CIGNA was entitled to deny him benefits. See Blaske v. Unum Life Ins. Co. of Am., 131 F.3d 763, 763-64 (8th Cir. 1997).

Mr. Weyrauch next argues that CIGNA has not shown prejudice from his failure to comply with the notice provision, citing Pearce v. Paul Revere Life Insurance Co., No. Civ. 01-665 (PAM/RLE), 2002 WL 1976014 (D. Minn. Aug. 23, 2003). In Pearce, the notice provision was almost identical to the language in the policy at issue, and the court held that an insurer must show prejudice from the claimant's delay in giving notice of the claim. Id. at **3-4 (citing Reliance Ins. Co. v. St. Paul Ins. Cos., 239 N.W.2d 922, 924-25 (Minn. 1976); Nathe Bros., Inc. v. Am. Nat'l Fire Ins. Co., 615 N.W.2d 341, 347

(Minn. 2000)). An insurer shows prejudice if the lapse of time prevented it from promptly investigating the claim. Id. at *4 (citing Reliance, 239 N.W.2d at 924 (citation omitted); Sterling State Bank v. Va. Sur. Co., 173 N.W.2d 342, 346 (1969)).

CIGNA asserts that it was unable to gather necessary documentation, medical records, and other information relevant to Mr. Weyrauch's claim. Because Mr. Weyrauch's stroke occurred less than twelve months from the beginning of his employment, the policy's pre-existing condition limitation potentially applied. However, because Mr. Weyrauch untimely filed his claim, CIGNA was unable to obtain medical records from two of his medical doctors who treated him during this period. Dr. Douglas Hiza told CIGNA that Mr. Weyrauch's records were not available, and CIGNA was unable to locate Dr. Ernest Peaslee. Thus, CIGNA was prejudiced from the delay in that it was precluded from investigating the applicability of the pre-existing condition limitation. In addition, CIGNA's ability to conduct a thorough investigation of Mr. Weyrauch's disability was impeded. Some requests to medical providers were never answered. CIGNA was prevented from obtaining an Independent Medical Examination or a Functional Capacity Evaluation of Mr. Weyrauch contemporaneous to his alleged onset of disability date in October 1996. CIGNA has shown that it was prejudiced by Mr. Weyrauch's failure to comply with the notice provision.

**B. The Ninety-Day Period in Which to File Proof of Loss**

Mr. Weyrauch was required to file proof of loss within ninety days of the occurrence of the loss on which his claim was based. Mr. Weyrauch did not provide proof of loss until July 2000, more than three and a half years after October 26, 1996. As previously discussed, it was reasonably possible for Mr. Weyrauch to have filed his claim for benefits by April 23, 1997, at the latest. Using the same April 23, 1997 date as the starting point for measuring the ninety-day limitations period, Mr. Weyrauch should have filed proof of loss by July 23, 1997. Because Mr. Weyrauch breached the proof of loss provision of the policy, CIGNA was entitled to deny him benefits. See Blaske, 131 F.3d at 763-64.

**C. The Three-Year Period in Which to Bring Suit**

The policy at issue required Mr. Weyrauch to initiate suit within three years after the time within which proof of loss is required by the policy. Here, the Court has found that proof of loss was required to be filed by July 23, 1997, at the latest. Three years from this date was July 23, 2000. Mr. Weyrauch did not file suit until June 25, 2001, and therefore violated this provision of the policy. See id.

## VI. RECOMMENDATION

The Court has conducted a de novo review of the record and finds that CIGNA properly denied Mr. Weyrauch LTD benefits on three separate grounds. Accordingly, CIGNA's Motion for Summary Judgment should be granted, and Mr. Weyrauch's Motion for Summary Judgment should be denied. In addition, Mr. Weyrauch's request for attorney's fees should be denied because he is not the prevailing party in this case. Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984) (citing Fase v. Seafarers Welfare & Pension Plan, 589 F.2d 112, 116 (2d Cir. 1978)).

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Defendant's Motion for Summary Judgment (Doc. No. 25) should be **GRANTED**; and

(2) Plaintiff's Motion for Summary Judgment (Doc. No. 27) should be **DENIED**.

Dated: February 13, 2004

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by March 2, 2004, written objections which specifically identify those portions of this Report to which objections are being made and the basis of those objections. A party may respond to the objecting party's brief within ten days after being served with it. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.