01-cv-1134
MJD/JGL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-3182

| | | |
|---|---|---|
| Walter E. Weyrauch, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Cigna Life Insurance Company of New York, | * | |
| | * | |
| | * | |
| Appellee. | * | |

Submitted: June 23, 2005
Filed: August 2, 2005

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

HEANEY, Circuit Judge.

Walter E. Weyrauch appeals the district court's adverse grant of summary judgment on his suit seeking recovery of long-term disability benefits from Cigna Life Insurance Company (Cigna). For the reasons stated herein, we reverse and remand.

SCANNED
U.S. DISTRICT COURT DULUTH

## BACKGROUND

Weyrauch spent much of his life as a stockbroker. In August of 1996, he accepted a position as an investment banker with Salomon Smith Barney. He immediately became eligible for long-term disability benefits under a long-term disability income policy (Policy) issued by Cigna.

Unfortunately, on October 26, 1996, Weyrauch suffered a stroke. He was released from the hospital nine days later. Despite the lingering effects of the stroke, Weyrauch returned to work shortly after his release and was working six hours a day by January of 1997. By April, Weyrauch apparently was working full time for Salomon Smith Barney even though his speech was somewhat slurred and he had weakness in his hand and left leg.

For the remainder of 1997 and 1998, Weyrauch was able to perform the duties of his job, earning $56,562.12 in 1997 and $82,911.47 in 1998.[1] Although it is unclear when Weyrauch's condition degenerated, he was diagnosed with a permanent, partial disability after a neuropsychological evaluation on March 13, 1999. The report recommended vocational counseling because return to unrestricted employment at professional levels was doubtful.

Salomon Smith Barney terminated Weyrauch on July 8, 1999. The cause for termination is not reported in the record, but it appears that Weyrauch was continually absent from work after April 10, 1999. In addition to being fired, Weyrauch suffered numerous personal setbacks related to his condition, including a divorce and eviction from his home that year.

---

[1]The record reveals that Weyrauch received short-term disability benefits some time during the period of October 26, 1996 to December 31, 1998. (J.A. at 118.) The amount of benefits and the time period to which the payments related are not stated.

In July of 2000, Weyrauch sought the assistance of counsel, who promptly filed a claim on his behalf on July 7, 2000. The claim was as follows:

> Mr. Weyrauch was employed at SalomanSmithBarney [sic] October 31, 1996 when he suffered an onset of total disability that began with a stroke. Enclosed you will find a letter describing his neuropsychological evaluation done March 13, 1999 that clearly indicates he is totally disabled . . . .
>
> . . . .
>
> . . . I believe he is eligible for benefits for the time period beginning October 26, 1996 down to the present.
>
> (J.A. at 180-181.)

After requesting and obtaining medical records, Cigna denied Weyrauch's claim on September 19, 2000, and in the letter of denial stated a number of reasons, including late submission of the claim, failure to provide an excuse for late submission, lack of cooperation, and prejudice to its ability to determine contractual conditions resulting from the late submission. Weyrauch then filed several appeals with Cigna's Appeals Team, resulting in subsequent denials on November 11, 2000 and May 1, 2001.

In response to the denial of his claim for disability benefits, Weyrauch filed suit in the United States District Court for the District of Minnesota on June 25, 2001, seeking recovery of benefits under a policy governed by the Employee Retirement Income Security Act of 1974 (ERISA). The court referred the case to a magistrate. Cigna asked the magistrate to uphold the denial of benefits because Weyrauch failed to comply with the terms and conditions of the Policy. Both parties moved for summary judgment; the magistrate recommended granting Cigna's motion based on the finding that Weyrauch violated three different contractual limitations periods: the 30-day period to file notice of claim, the 90-day period to file proof of loss, and the

three-year period to bring suit–any one of which would have been a sufficient basis to deny the claim. The court accepted this recommendation, and this appeal followed.

## ANALYSIS

### I. Standard of Review

We review de novo a grant of summary judgment. Torres v. UNUM Life Ins. Co. of Am., 405 F.3d 670, 677 (8th Cir. 2005). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When making this determination, we view the record in the light most favorable to the non-moving party, giving "that party the benefit of all reasonable inferences to be drawn from the underlying facts." United States v. Friedrich, 402 F.3d 842, 844 (8th Cir. 2005).

Further, we review de novo the district court's determination of the appropriate standard of review of a benefit plan decision under ERISA. Ortleib v. United HealthCare Choice Plans, 387 F.3d 778, 781 (8th Cir. 2004). Under ERISA, the court should apply a deferential standard of review if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). In the court below, Weyrauch argued that a de novo standard of review was appropriate because the Policy did not contain a term giving Cigna discretionary authority. Cigna did not dispute this. Thus, the district court determined that a de novo standard of review was appropriate. Finding nothing in the record persuading us to the contrary, we agree with the district court's determination.

## II. Discussion

We initially discuss the magistrate's finding that Weyrauch's action, filed on June 25, 2001, should have been filed by July 23, 2000 and was barred for failure to file suit within the statute of limitations period. In our view, the magistrate was in error. Under ERISA, the statute of limitations provided by Minnesota Statute 62A.04, subdivision 2(11) controls,[2] and we think it clear that the suit is timely under that statute of limitations.

### A. Timeliness of Suit

Because ERISA does not provide a statute of limitations for actions to recover benefits, we look first to the most analogous state statute of limitations. Johnson v. State Mut. Life Assurance Co. of Am., 942 F.2d 1260, 1261-62 (8th Cir. 1991) (en banc). In the context of long-term disability policies, this court has held that the most analogous Minnesota statute is Minnesota Statute section 62A.04, subdivison 2.

---

[2]The magistrate's opinion suggests that the contractual limitations period is relevant to determine if Weyrauch's claim is barred. We note that a contractual limitations period shorter than that provided by state law may be effective in some cases. Wilkins v. Hartford Life & Accident Ins. Co., 299 F.3d 945, 948 (8th Cir. 2002). But the Policy here includes a clause stating that "[i]f any time limit set forth in the policy . . . is less than that permitted by the law of the state in which the Employee lives when the policy is issued, then the time limit provided by the policy is extended to agree with the minimum permitted by the law of that state." (J.A. at 65.)

Here, the Minnesota statute mandates a minimum limitations period allowing the insurer to substitute alternate provisions only if they are "not less favorable in any respect to the insured or the beneficiary." Minn. Stat. § 62A.04, subd. 2. By its own terms, the Policy automatically extends its limitations period to meet the state law requirement. Therefore, it is unnecessary to consider whether we would reach a different result if we applied the contractual limitations period.

Blaske v. UNUM Life Ins. Co. of Am., 131 F.3d 763, 764 (8th Cir. 1997). This statute's limitations period runs three years from the date proof of loss is required. Minn. Stat. § 62A.04, subd. 2(11). The subsection concerning proof of loss provides:

> Written proof of loss must be furnished to the insurer at its said office in case of claim for loss for which this policy provides *any periodic payment contingent upon continuing loss within 90 days after the termination of the period for which the insurer is liable* and in case of claim for any other loss within 90 days after the date of such loss.

Minn. Stat. §62A.04, subd. 2(7) (emphasis added).

Thus, under the statute, the type of claim determines the date proof of loss is due. For claims involving continuing loss, such as the long-term disability claim here, proof of loss is due 90 days after the termination of the period of disability;[3] for claims with a discrete loss date, proof of loss is due 90 days from that date. Id. The net effect of these provisions is that an action must be filed within three years and 90 days of the date the insured ceases to be totally disabled.

It follows, therefore, that Weyrauch had three years and 90 days from the date his disability ended to file suit. Viewed in the light most favorable to Weyrauch, the record establishes that he was diagnosed with a permanent disability on March 13, 1999, which rendered him totally disabled on that date under the terms of the Policy. The Policy was in effect on this date, and he was still employed by Salomon Smith Barney. Weyrauch filed suit June 25, 2001–well within the three years and ninety days he was permitted under the statute of limitations. Thus, his suit is clearly timely.

---

[3]In Ryan v. ITT Life Ins. Corp., 450 N.W.2d 126 (Minn. 1990), the Minnesota Supreme Court addressed the proof of loss provision of section 62A.04, concluding "[w]hen an insured claims total disability benefits under a policy governed by section 62A.04, subd. 2(7) and (11), the limitations period will not begin to run until 90 days after termination of the continuous period of disability." Ryan, 450 N.W.2d at 129.

Cigna insists that Weyrauch's claim relates only to the discrete occurrence of his stroke, and thus, proof of loss was due, at the latest, by July 27, 1997, and the time to file suit expired on July 27, 2000. We disagree. To the extent that Weyrauch believes he is eligible for benefits dating back to October 26, 1996, he is incorrect. The stroke occurred on October 26, 1996, but the record reflects Weyrauch returned to full-time work by April 1997 and earned significant wages in both 1997 and 1998. The fact that he requested benefits dating back to October 26, 1996, however, is irrelevant to the question of whether he is entitled to *any* benefits resulting from a disability occurring while he was covered by the Policy.

Weyrauch may survive summary judgment on the question of whether his suit was timely filed by showing onset of a disability while he was covered by the Policy and by filing suit within three years and ninety days after his disability ceased. Weyrauch has done so by introducing the neuropsychologist's report, which declared him permanently disabled as of March 13, 1999, and we conclude that the district court erred by granting summary judgment on this ground.

B. Proof of Loss and Notice of Claim Requirements

Having decided that Weyrauch's suit is not barred by the statute of limitations, we must address the magistrate's finding that Weyrauch did not timely file notice of claim or proof of loss and that Cigna was prejudiced as a result. The magistrate erred when he found that Weyrauch should have filed notice of his claim by May 23, 1997 and proof of loss by July 23, 1997.

We previously noted that under Minnesota Statute section 62A.04, proof of loss is due 90 days after the termination of the period of disability. Viewing the facts in the light most favorable to Weyrauch for purposes of Cigna's summary judgment motion on the issue of timely filing of proof of loss, Weyrauch's disability continued at least until August 23, 2000, when proof of loss was filed. Although Cigna may

argue to the contrary, this would present a disputed fact issue for resolution on remand as to whether Weyrauch is entitled to disability benefits under the Policy.

We next turn to the timeliness of Weyrauch's notice of claim. Minnesota law and the Policy both require filing of notice at the onset of the disability. Minn. Stat. § 62A.04, subd. 2(5); (J.A. at 65). At the latest, Weyrauch should have filed notice of his claim 30 days from the date he was declared permanently disabled, March 13, 1999, which he did not do. However, the Policy's notice of claim provision states that a "claim will not be invalidated or reduced if it is shown that written notice was given as soon as was reasonably possible." (J.A. at 65.) Accordingly, we must determine whether, viewing the record in the light most favorable to Weyrauch, he filed notice as soon as was reasonably possible.

Weyrauch argues that his delay in filing was reasonable, given his mental impairments. The magistrate, believing that the notice was due by May 23, 1997, found this unpersuasive. He noted that Weyrauch passed his driver's test and returned to work as a stock broker in 1997. This misses the mark. Although these facts are relevant to Weyrauch's condition in 1997, the real question is whether his impairments affected his ability to give notice at the onset of his disability, which the record reflects began in 1999. In addition to the diagnosis of permanent mental disability, Weyrauch was divorced, evicted from his home, and fired during 1999. Under these circumstances, a reasonable fact-finder could conclude that Weyrauch's mental condition prevented him from filing a claim until he enlisted the aid of counsel to do so the following year.

Even if the fact-finder determines that Weyrauch did not file the notice of his claim as soon as was reasonably possible, under Minnesota law,[4] an insurer may not

---

[4]Although ERISA preempts many state statutes, it is settled law that ERISA preemption does not apply to notice-prejudice rules that regulate insurance. UNUM

invalidate the claim on this basis absent a showing of prejudice due to insured's late filing. Ryan v. ITT Life Ins. Corp., 450 N.W.2d 126, 130 (Minn. 1990). Cigna argued below that it suffered prejudice because Weyrauch's late filing prevented it from investigating whether his disability was caused by a pre-existing condition. The Policy provides that the pre-existing condition "limitation will not apply to a period of total disability which begins more than 12 months after the most recent Effective Date of the Employee's Insurance." (J.A. at 55.) The record shows that the effective date of Weyrauch's insurance is August 9, 1996. Thus, the pre-existing condition limitation only applies to disabilities occurring on or before August 9, 1997. As previously noted, during 1997 and 1998, Weyrauch returned to work full-time for Salomon Smith Barney. His disability, diagnosed March 13, 1999, occurred subsequent to those dates, and thus, is outside the period for which the pre-existing condition limitation applies. Therefore, Cigna's inability to obtain records relating to a pre-existing condition is irrelevant to the question of prejudice here.[5]

## CONCLUSION

The district court erred by granting Cigna's motion for summary judgment. Weyrauch's action was not barred by the applicable statute of limitations, and his

---

Life Ins. Co. of Am. v. Ward, 526 U.S. 358, 369 (1999).

[5]Moreover, we doubt the validity of any arguments that may be advanced attempting to relate Weyrauch's 1999 disability back to his stroke in 1996 for the purpose of establishing prejudice. The Policy specifically addresses this situation, stating that "[s]eparate periods of Total Disability resulting from the same or related causes will be considered one period of Total Disability unless separated by the Employee's return to Active Service for at least 6 consecutive months." (J.A. at 56.) Mr. Weyrauch returned to active service in April of 1997 and continued through 1998. Under the Policy's terms, even related disabilities are treated as separate periods of total disability when separated by a return to active service for six months, as they were here.

proof of loss was timely filed. Although Weyrauch filed notice of his claim more than 30 days after the onset of disability, whether he filed notice as soon as reasonably possible given his mental impairments is a disputed issue to be resolved by the fact-finder on remand, as is the question of whether Cigna has been actually prejudiced by the late filing.[6] For the reasons stated above, we reverse the district court's grant of summary judgment and remand for proceedings consistent with this opinion.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

[6]On remand, Cigna may advance other defenses that may be available under the provisions of its disability Policy.

04-3182/dmh

RECEIVED

SEP 28 AM 8: 2

DIST. COURT
DULUTH, MN

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
417 Federal Building
515 W. First Street
Duluth, MN 55802-1397

---

**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

September 26, 2005

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
417 Federal Building
515 W. First Street
Duluth, MN 55802-1397

Re: 04-3182 Walter Weyrauch vs. CIGNA Life Ins. Co.

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Michael E. Gans
Clerk of Court

dmh

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)
---------------------------------------

cc: Honorable Michael J. Davis
James W. Balmer
Brian L. Lindberg
Daniel K. Ryan
Christine Olson McTigue

District Court/Agency Case Number(s): CIV 01-1134 MJD/JGL